I respectfully dissent. The majority opinion correctly points out that different rules exist concerning the diversion of diffused surface water, depending upon whether the property in controversy is located within or without the limits of a municipality. In cities, the liberal "common enemy" doctrine was adopted by this court to allow diversion of such water.City of Mountain Brook v. Beatty, 292 Ala. 398, 295 So.2d 388
(1974). In contrast, this court adopted a stricter rule for areas located outside of cities. This is commonly called a "modified civil law rule." Under the latter rule, the land is legally subservient to the natural flow of surface water and upper landowners may not disrupt the flow of such water and concentrate surface water into one channel and deposit it on a lower estate in greater volume and with greater rapidity, causing more injury than would occur in nature, unless exceptional circumstances exist. See Beatty, supra; Vinson v.Turner, 252 Ala. 271, 40 So.2d 863 (1949); King Land Improvement Co. v. Bowen, 7 Ala. App. 462, 61 So. 22 (1913).
The facts of this case are clearly governed by the case ofKay-Noojin Development Co. v. Kinzer, 259 Ala. 49, 65 So.2d 510
(1953). The facts in Kinzer are very similar, if not identical, to those in this case. There, this court expressly stated that the exceptional circumstances permitting an upper landowner to channel water onto a lower landowner's property did not exist. Since the facts in Kinzer are not distinguishable from those in this case then the exceptional circumstances do not exist here. See Kinzer, 259 Ala. at 54, 65 So.2d 510. I would point out that this court reached the result it did in Kinzer even though the property involved was located within the City of Huntsville and, thus, the more liberal "common enemy" rule would have been applied.
This court expressly held:
 "`An upper proprietor who collects surface water into a channel and casts it upon property of a lower proprietor to his damage, when if it were not so collected the water would be scattered and diffused, is liable for the damage though the property is located within an incorporated town or city.'" 259 Ala. at 55, 65 So.2d at 515.
In this case, appellees are upper proprietors and did collect, channel, and cast surface water onto the land of appellants, who are lower proprietors. The trial court expressly stated in its decree that some damage was caused to appellants' land by the diverted water; therefore, the trial court's decree was palpably erroneous and should be reversed.
FAULKNER, J., concurs. *Page 690